In the Matter of the Compensation of
Walter J. Dethlefs, Claimant.

DETHLEFS,
*Petitioner,*

*v.*

HYSTER CO.,
*Respondent.*

(WCB No. 79-04604, CA A21593)

640 P2d 639

Richard A. Sly, Portland, argued the cause for appellant. With him on the brief was Bloom, Marandas & Sly, Portland.

Roger R. Warren, Beaverton, argued the cause for respondent. On the brief was David Horne, Beaverton.

Evohl F. Malagon and Malagon, Velure & Yates, Eugene, filed a brief amicus curiae for Oregon Workers Compensation Attorneys Association.

Mildred J. Carmack and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed a brief amicus curiae for Association of Workers' Compensation Defense Attorneys.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

The issue presented in this appeal is the proper test for compensability of an occupational disease claim. Claimant appeals from denial by the Workers' Compensation Board of his claim for vasomotor rhinitis and headaches. He claims the Board erred (1) in ruling that the proper test is whether the disease was caused *solely* by the work environment and (2) in refusing to admit additional evidence post-hearing on the issue of (a) whether claimant's rhinitis was the result of work exposure and (b) the validity of medical assumptions made by Dr. Bardana.

The Board found that there was no evidence that claimant's allergic rhinitis, arteriosclerosis or labyrinth disease resulting therefrom are causally related to his employment, but it found that there was competent evidence claimant's employment was a substantial contributing cause to his vasomotor rhinitis and that the vasomotor rhinitis was a substantial contributing cause of claimant's headaches. The Board agreed with the referee that

"* * * claimant's employment was a substantial contributing cause to his vasomotor rhinitis and that the vasomotor rhinitis was a substantial contributing cause of claimant's headaches"; * * *.

However, on the basis of *Thompson v. SAIF,* 51 Or App 395, 625 P2d 1348 (1981), the Board concluded that claimant had failed to prove that his rhinitis in general was caused *solely* by the work environment.

The essential facts are as follows: Claimant is a 61 year old oxyacetylene burner. He was employed by respondent for 22 years. All of his work is performed in the employer's plate shop, a building about 100 feet wide and a block and a half long with a 40 foot ceiling. The working conditions were described by the referee as follows:

"* * * One end of the building has a basement area in which there are three burning machines utilizing up to eight torches each. Claimant's booth is in the center of the building and is bordered on one side by the paint area, on another side by a welding area and on the third side by the assembly line. Claimant sometimes operates a single torch and sometimes operates a two torch machine.

"Defendant manufactures finished machines from raw materials, including large quantities of steel plate, and in

the process the atmosphere in the plate shop is subjected to * * * by-products of the manufacturing process. The steel ranges in thickness from sheet metal to 12 inches, although it is ordinarily one-half inch or less. Some of the metal is 'pickled', resulting in it being covered with an oily residue, and some of the metal is stored outside and is rusty. The oily and rusty metal is alleged to produce the greater pollution when cut with a torch.

"There are overhead doors on three sides of the building which are left open during the warmer months. In colder months the doors are kept closed. There are four exhaust fans and a 'dust hog' in the plate shop, but one or more of the exhaust fans is usually inoperative. The 'dust hog' has either never been used because of unavailable power requirements or was only used for a few days before it was unplugged."

It was conceded that claimant had been exposed during that period to a variety of airborne pollutants at work and that he suffered from allergic rhinitis[1] as well as vasomotor rhinitis[2] and headaches.

Claimant initially consulted Dr. Daniel Billmeyer for some of the symptoms recited above. He was found to be quite allergic to house dust, house dust mites, grass, mycogone and bacteria, and treatment was started. In addition claimant was examined and treated extensively by other specialists.

Claimant has a deviated septum, making it difficult to breath through his nose and to wear a mask when working. He developed an allergic reaction to various common environmental irritants, including fresh mown grass; also symptoms of vertigo developed as a result of a hyperactive labyrinth secondary to arteriosclerosis. His headaches became so severe they caused him to become nauseated and occasionally resulted in vomiting and syncope. Claimant

---

[1] Allergic rhinitis is defined as:

"Pale boggy swelling of nasal mucosa associated with sneezing and watery discharge, attributable to hypersensitivity to foreign substances." Stedman's Medical Dictionary, Second Unabridged Lawyers' Edition (1966).

[2] Vasomotor rhinitis is defined as:

"Congestion of nasal mucosa without infection or allergy." Stedman's Medical Dictionary, Second Unabridged Lawyers' Edition (1976).

endeavored unsuccessfully to return to work on several occasions. Each time his symptoms recurred, and he was unable to continue.

In *SAIF v. Gygi*, 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982), we said:

"We conclude that ORS 656.802(1)(a) does not require that the occupational disease be caused or aggravated solely by the work conditions. If the at-work conditions, when compared to the nonemployment exposure, is the major contributing cause of the disability, then compensation is warranted."

Based on our *de novo* examination of the evidence and the authorities we reach the following conclusions:

■ 1) The Board erred in ruling that claimant must show that an occupational disease must be caused solely by the work environment. *SAIF v. Gygi, supra;*

■ 2) Claimant has established by a preponderance of the evidence that he is suffering from vasomotor rhinitis and that his employment was the major contributing cause to said disease and to claimant's headaches;

■ 3) Claimant has failed to establish by a preponderance of the evidence that his allergic rhinitis, arteriosclerosis and labyrinth disease is causally related to his employment; and

■ 4) We agree with the Board that the evidence sought to be introduced by claimant post-hearing as to whether his allergic rhinitis was the result of work exposure could have been obtained prior to the hearing and therefore was properly refused.

Reversed and remanded for acceptance and payment of benefits for the vasomotor rhinitis condition and the related headaches pursuant to the Workers' Compensation Act.